UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEFFREY LEE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 3:08-CV-340 PS |
| vs. ) | |
| ) | |
| MICHAEL GASKO, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Jeffrey Lee Smith had his jaw broken while he was an inmate in a Florida prison. After he was extradited to Indiana, he had one appointment with Dr. Michael Gasko, a dentist, while he was an inmate at the St. Joseph County Jail. Dr. Gasko did not have the training to perform the complicated oral surgery that Smith needed. In this case, Smith is suing Dr. Gasko for a denial of medical treatment, and they have both filed motions for summary judgment. Though the motions raise many issues, because the claim is barred by the statute of limitations, that is the only issue that I need to address.

## BACKGROUND

During a riot at a Florida prison on New Year's Eve 2006, Smith had his jaw severely broken by a fellow inmate. ECF 70-2 at 2. He had extensive medical treatment in Florida, including two unsuccessful operations to fix his jaw. *Id.* at 4. Before a third surgery could be performed there, he was extradited to Indiana and placed in the St. Joseph County Jail where he continued to have problems with his jaw. *Id.* at 7-8. According to jail records, Dr. Gasko saw Smith for a broken mandible on May 9, 2007. ECF 75-8. In an interrogatory response, Smith stated that he saw Dr. Gasko in May 2007 (ECF 72-11 at 2), but in the last summary judgment brief filed by Smith, he

stated that "I see [sic] him on May 9, 2007 . . .." ECF 92 at 4. They both agree that Smith had only one appointment with Dr. Gasko. ECF 70-2 at 13 and ECF 75-7 at 2.

Smith filed various requests and grievances related to his jaw, but none of them were seen by Dr. Gasko. ECF 70-2 at 14 and 75-7 at 2. Dr. Gasko was not on staff at the jail nor did he have a contract with the Sheriff's Department. ECF 75-7 at 1. Rather he went to the jail once or twice a week and provided dental services on a case-by-case basis. *Id.* In addition to the one visit he had with Dr. Gasko, Smith also saw a medical doctor at the jail several times and discussed his need for jaw surgery with him. ECF 70-2 at 13 and ECF 75-10 at 6 and 12.

Smith's original complaint, which was unsigned, did not list Dr. Gasko as a defendant either by name or as a "John Doe." ECF 1. Because the complaint was unsigned and because Smith had "not provided the court with a factual description of what events occurred which cause[d] him to believe that each defendant [wa]s liable to him" ECF 3 at 1, that complaint was stricken and he was permitted to file an amended complaint. In his first amended complaint, he also did not name Dr. Gasko as a defendant. ECF 4. Because the factual basis of the claims he was attempting to present was still insufficient, that complaint was stricken and Smith was permitted to try again. ECF 15. In his second amended complaint, he named John Doe Dentist and five other defendants. ECF 18. In screening the case, I found that Smith did not state a claim against those other five defendants, but that he did state a claim for denial of medical treatment against the dentist. ECF 19. I therefore ordered "the Sheriff of St. Joseph County to appear and respond to discovery for the sole purpose of identifying the unknown dentist who denied Smith medical treatment for his jaw while at the St. Joseph County Jail." ECF 19 at 6; *see Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996). The Sheriff was served on May 18, 2009, and he provided the name of the dentist

on June 9, 2009. ECF 23. Thereafter, Smith signed and mailed his third amended complaint on August 25, 2009.[1] ECF 24-2 at 13.

## DISCUSSION

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c)(2). "At summary judgment, 'a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder.'" *Paz v. Wauconda Healthcare and Rehab. Ctr., LLC*, 464 F.3d 659, 664 (7th Cir. 2006) (quoting *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003)). Moreover, this Court must construe "the record in the light most favorable to the nonmovant" and avoid "the temptation to decide which party's version of the facts is more likely true." *Payne*, 337 F.3d at 770 (noting the often stated proposition that "summary judgment cannot be used to resolve swearing contests between litigants").

Viewing the record in the light most favorable to Smith, the complaint is barred by the statute of limitations. This was a problem that I recognized and raised in my screening order when I permitted Smith to conduct discovery against the Sheriff to identify the John Doe Dentist. Here's what I said at the time:

> Though Smith may proceed on this claim against the John Doe Dentist, there are several potential problems with this claim. First he will have to identify the defendant, file an amended complaint, and obtain service on the defendant. Based on this complaint, it is unclear exactly when these events transpired, but it could well be that the statute of limitations may run before he is able to complete this process.

---

[1] Though the third amended complaint was not filed by the clerk until August 26, 2009, Smith was incarcerated when he mailed it and is therefore entitled to the benefit of the "mailbox rule." See *Houston v. Lack*, 487 U.S. 266 (1988); *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001).

ECF 19 at 5. I wanted Smith to be aware of the urgency of identifying this defendant, but because he had not stated when he had seen Dr. Gasko, I was unaware that he had less than a week before the statute of limitations would expire.

Because there is no federal statute of limitations for § 1983 actions, courts apply the most appropriate state statute of limitations. Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001).

Smith saw Dr. Gasko only one time: on May 9, 2007. That is when Smith alleges Dr. Gasko denied him treatment for his jaw. Smith knew when it happened; it was not in any way concealed. Though Smith argues that subsequent grievances about his jaw extend this date, Dr. Gasko did not even receive, much less respond to those grievances. Smith's complaints to others about Dr. Gasko's refusal to provide him with care on May 9, 2007 do not create either separate actionable denials of medical care by Dr. Gasko, nor constitute a continuing violation. *See Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008). Dr. Gasko did not have a continuing relationship with Smith nor any ongoing obligation to treat him after May 9, 2007. Thus, that is the date on which this cause of action arose.

Therefore, Smith had only until May 11, 2009, to bring a case against Dr. Gasko.[2] Since he did not name Dr. Gasko until August 25, 2009, the claims here are untimely unless they relate back as provided for by FED. R. CIV. P. 15(c)(1)(C). "[T]he substitution of named individuals for "John

---

[2] May 9, 2009 was a Saturday, therefore, pursuant to FED. R. CIV. P. 6(a)(1)(C), Smith had until Monday May 11, 2009, to sue Dr. Gasko.

4

Doe" defendants constitutes a "change of parties" within RULE 15(c) and thus that the requirements of 15(c) must be met . . . ." *Delgado-Brunet v. Clark*, 93 F.3d 339, 344 (7th Cir. 1996).

RULE 15(c)(1)(C)(ii) requires that an added defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." "[T]he mistake requirement is independent from whether the purported substitute party knew that action would be brought against him." *King v. One Unknown Fed. Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000). "[I]n the absence of a mistake in the identification of the proper party, it is irrelevant . . . whether or not the purported substitute party knew or should have known that the action would have been brought against him." *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980). "It is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires. A plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake' as to the defendant's 'identity.'" *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006). "[P]laintiffs cannot, after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading. Not knowing a defendant's name is not a mistake under RULE 15." *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008).

Here, there was no mistake. Smith simply did not know the name of the dentist he was trying to sue. "RULE 15(c)(3) does not provide for relation back when the reason the original complaint is insufficient is a simple lack of knowledge of the identity of the proper party." *Eison v. McCoy*, 146 F.3d 468, 472 (7th Cir. 1998). Therefore, relation back does not save these claims from the impact of the statute of limitations, and summary judgment must be granted for the defendant.

Two final issues need to be addressed. The defendant filed two motions to strike portions of the plaintiff's filings. Because he has prevailed without striking those filings, those motions will be denied as moot. Also, the plaintiff has filed a motion asking for additional time to respond to any motions that the defendant might present in the future. This motion is also moot because with this order, this case will be closed.

## CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment (ECF 75) is **GRANTED** and the plaintiff's motion for summary judgment (ECF 70) is **DENIED**. The clerk is **DIRECTED** to enter **FINAL JUDGMENT** in favor of Defendant Michael Gasko and against the Plaintiff Jeffrey Lee Smith. The other pending motions (ECF 87, 93, and 94) are **DENIED AS MOOT**.

**SO ORDERED**.

ENTERED: February 22, 2011

                                            /s/ Philip P. Simon
                                          PHILIP P. SIMON, CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT